11-690-ag
Sinayoke v. Holder

BIA
A029 043 486

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of April, two thousand twelve.

PRESENT:
     JOHN M. WALKER, JR.,
     ROBERT D. SACK,
     REENA RAGGI,
        *Circuit Judges.*

_____

ADAMA SINAYOKE,
     *Petitioner,*

v.                      11-690-ag
                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Theodore Vialet, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Kevin J. Conway, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Adama Sinayoke, a native and citizen of Mali, seeks review of the February 9, 2011, order of the BIA denying his motion to reopen. *In re Adama Sinayoke*, No. A029 043 486 (B.I.A. Feb. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA's denial of Sinayoke's motion to reopen was not an abuse of discretion because he failed to establish a *prima facie* case for relief. *See Kaur*, 413 F.3d at 233; *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To establish asylum eligibility based on future persecution, an applicant must show that he subjectively fears persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that this fear is objectively reasonable. *See* 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

2

Generally, an applicant cannot meet this burden based on the risk that a relative will suffer persecution without an additional showing that he individually faces the same risk. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

The BIA reasonably found that Sinayoke did not establish that he would be persecuted for his opposition to female genital mutilation ("FGM"). Sinayoke submitted letters from his brother and cousin acknowledging that his family members are pressuring him to bring his daughter back to Mali to undergo FGM. However, the letters do not indicate that his family would physically harm him if he is removed to Mali and does not return with his daughter, nor does Sinayoke proffer evidence that the government would be unwilling or unable to protect him from his family. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (holding that an alien can establish asylum eligibility based on persecution by non-state actors if the government is unwilling or unable to control them).

Because Sinayoke would not individually suffer persecution, he relies solely on his daughter's fear of being subjected to FGM to establish his asylum eligibility. The BIA, however, reasonably found this to be insufficient

3

because asylum eligibility cannot be based solely on the risk of FGM being performed on a U.S. citizen child, absent the risk of persecution to the applicant individually. *See Kone v. Holder*, 596 F.3d 141, 153 (2d Cir. 2010); *Matter of A-K-*, 24 I. & N. Dec. 275, 277 (B.I.A. 2007). Furthermore, Sinayoke testified that he would not take his daughter back to Mali if he was removed, and the record does not indicate that she, as a U.S. citizen, would be forced to return to Mali. *Cf. id.* at 277 (holding that presumption that a child will be forced to leave the United States with a parent that is removed does not apply when the child is a U.S. citizen). Accordingly, the BIA did not abuse its discretion in denying Sinayoke's motion to reopen because he failed to establish a *prima facie* case that he is eligible for relief. *See Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk